UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LILIANA IZAGUIRRE, | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-11-4195 |
| | § | |
| UGLAND MARINE MANAGEMENT AS, | § | |
|     *Defendant*. | § | |

**MEMORANDUM OPINION & ORDER**

Before the court is plaintiff's motion for leave to file designation of expert witnesses (the "motion") and first supplemental motion for leave to allow late designation of expert witnesses (the "supplemental motion") (collectively, the "motions"). Dkts. 21 & 23. Upon consideration of the parties' arguments and applicable law, plaintiff's motions are GRANTED IN PART as to plaintiff's designation of Dr. Berliner as a testifying expert and DENIED in all other respects. Further, plaintiff's designation of experts (Dkt. 20) is STRICKEN from the record.

**I. BACKGROUND**

On July 7, 2011, Liliana Izaguirre ("Izaguirre") filed suit against Ugland Marine Management AS ("Ugland")[1] in Texas state court, alleging that she sustained personal injuries while onboard the M/V FERMITA performing cargo discharge operations. Dkt. 1 at 1 ¶ 1. Izaguirre served Ugland on or about November 14, 2011, and Ugland removed the case on December 5, 2011. Dkt. 1 at 2 ¶¶ 3–4. The court entered its Rule 16 scheduling order governing the case on January 24, 2012. Dkt. 15. The Rule 16 order set August 2, 2012 as the deadline by which "[e]xpert witnesses for plaintiff/counter-plaintiff shall be identified by a report listing the qualifications of each expert, each

---

[1] Izaguirre misnamed Ugland in her original petition, naming defendant as the "J.J. Ugland Companies." Dkt. 1 at 1.

opinion the expert will present, and the basis for each opinion." *Id.*  Izaguirre did not designate any expert witnesses on or before August 2, 2012.  Ugland, however, designated its experts and produced expert reports on September 4, 2012.  Dkt. 22 at 2 ¶ 2.  The following day, September 5, 2012, Izaguirre filed a designation of experts (Dkt. 20) and then moved for leave to designate expert witnesses late, stating that these experts' testimony would relate to her treatment, liability issues including duty and causation, and damages.  Dkt. 21, Ex. A at 1–3.  Ugland opposes Izaguirre's motion on grounds that she has not demonstrated good cause for leave and the late designation would prejudice Ugland's case.  Dkt. 22 at 2.  Ugland also requests that the court strike Izaguirre's designation of experts filed before she sought leave, except for Izaguirre's designation of Dr. Jeffrey Berliner, her treating physician, as a testifying expert.  *Id.* at 1.

## II. ANALYSIS

Rule 16(b) of the Federal Rules of Civil Procedure governs the scheduling and management of the court's docket:

> [T]he district judge . . . must issue a scheduling order . . . [that] limit[s] the time to join other parties, amend the pleadings, complete discovery, and file motions. . . . A schedule may be modified only for good cause and with the judge's consent.

FED R. CIV. P. 16(b).  The Fifth Circuit "gives the trial court 'broad discretion to preserve the integrity and purpose of the pretrial order.'"  *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990) (quoting *Hodges v. United States*, 597 F.2d 1014, 1018 (5th Cir. 1979)).  When determining whether to exclude expert testimony that has been improperly designated, the court should consider "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice."  *Hamburger v. State Farm Mut. Auto Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004).

A.     **The Explanation**

Izaguirre argues that the failure to designate expert witnesses timely was the result of excusable neglect caused by an undisclosed "unforeseeable event with Plaintiff counsel's prior employee" and because "Defendant has not presented a single witness for Plaintiff to depose." Dkt. 21 at 1 ¶ 4, 2 ¶ 7.[2]

First, although Izaguirre claims that she failed to designate her experts timely because of a scheduling error, it is clear that a scheduling mistake is not a satisfactory explanation for which relief may be granted. *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990); *Curtis v. State Farm Lloyds*, No. Civ.A. H-03-1025, 2004 WL 1621700, at *8 (S.D. Tex. Apr. 29, 2004).

Second, Izaguirre repeatedly asserts that her counsel's mistake occurred because no fact witnesses, except for the plaintiff herself, have been deposed. Dkt. 21 at 1 ¶¶ 2–3, 2 ¶ 5, 2 ¶ 7, 3 ¶ 10; Dkt. 23 at 1 ¶¶ 5–6. However, she fails to offer any explanation regarding why her counsel did not respond to Ugland's offer to produce the ship's master for deposition. Dkt. 22 at Ex. E. In fact, other than a single request to depose certain of the ship's crew, plaintiff has not shown any meaningful attempt to work with opposing counsel in obtaining the depositions of other fact witnesses. This lack of diligence militates against a finding of "good cause" to amend the court's scheduling order. Accordingly, the court finds that Izaguirre's explanation was not a result of excusable neglect and that the first factor weighs strongly against plaintiff.

---

[2] Although the court has fully considered whether plaintiff's explanation constitutes excusable neglect, the court also notes that plaintiff is seemingly uncertain of the merits of her position, acknowledging later in her motion that her "explanation for the late designation is *wholly insufficient*, at best being that [she] did not have the deadlines scheduled due to a past employees [sic] negligence." Dkt. 21 at 3 ¶ 11 (emphasis added).

B.  **The Importance of the Testimony**

Izaguirre fails to argue this factor and instead merely lists her four proposed experts, which are two physicians, an economist, and an occupational safety and health consultant. Because these experts would address liability and damages, the court assumes *arguendo* that the testimony is essential to plaintiff's claims. Although the experts' importance weighs against exclusion, the importance of proposed testimony cannot "singularly override the enforcement of the local rules and scheduling orders." *Geiserman*, 893 F.2d at 792. This factor weighs in favor of plaintiff.

C.  **The Potential Prejudice**

Izaguirre argues that Ugland will not be prejudiced if the court allows her to designate the expert witnesses late. Dkt. 23 at 2 ¶ 9. Izaguirre contends that Ugland obtained copies of all medical records and will not be prejudiced by the late designation of Dr. Berliner and Dr. Patterson, her treating physicians. Dkt. 21 at 2 ¶ 6. Regarding her other two proposed experts, Eustis Faulk and Kenneth McCoin, Izaguirre does not deny prejudice. *Id.* at 2 ¶ 7. Instead, she claims that the delay in designating these two experts was not intentional, and she requests the mercy of the court. *Id.*

Ugland argues that Izaguirre's proposed late designation is prejudicial, as Izaguirre waited until after Ugland produced its expert reports to request an extension of her deadline. Dkt. 22 at 2 ¶ 4. Ugland further disputes Izaguirre's claim that it received all relevant medical records, stating that despite its best efforts, Ugland was unable to obtain Dr. Patterson's records. *Id.* at 4 ¶ 8. By contrast, Ugland obtained Berliner's medical records from Memorial Hermann by subpoena, and Ugland is not opposed to Izaguirre's late designation of Dr. Berliner as a testifying expert. *Id.* at 4 ¶ 7.

The court finds that Ugland designated its experts, at least in part, by relying on Izaguirre's non-designation, and allowing this late designation would force Ugland to re-designate experts to counter

the opinions of Izaguirre's experts and sustain additional costs.  The Fifth Circuit law on the prejudice prong makes clear that such concerns are substantial.  *Geiserman*, 893 F.2d at 791–92.  Therefore, the court finds that in light of the time, effort, and expense that would be incurred by the defendants, the prejudice would be significant.  Accordingly, the third factor weighs against plaintiff.

D.      **The Availability of a Continuance**

Izaguirre argues that a four-month enlargement of time for all deadlines will give both parties the opportunity they need to depose the proposed expert witnesses and any fact witnesses before trial and cure any prejudice resulting from her late designation.  Dkt. 21 at 3 ¶ 10.

The Fifth Circuit urges the district courts to view continuances with favor as a cure for late-designated witnesses.  *Betzel v. State Farm Lloyds*, 480 F.3d 704, 708 (5th Cir. 2007).  However, one purpose for denying a continuance is to "deter future dilatory behavior."  *Id.* at 709 (internal quotation marks omitted).  It should be noted that after Ugland incurred substantial attorney and expert costs in the preparation of expert reports and filed its designations of experts on September 4, 2012, Izaguirre moved to designate her own experts the following day.  Without question, granting a continuance now would force Ugland to incur more costs and impair the integrity of this court's docket control order.  Equity does not support such a result.  Accordingly, the court finds that the fourth prong weighs against a continuance and plaintiff.

### III. Conclusion

Izaguirre has moved for leave to designate four experts late. The fact that the proposed testimony of these experts may be important to plaintiff's case cannot singularly override the enforcement of the scheduling order. Based on plaintiff's explanation and the prejudice that would result to Ugland, the court will only permit plaintiff to designate Dr. Berliner as a testifying expert. Accordingly, plaintiff's motions (Dkts. 21, 23) are GRANTED IN PART as to plaintiff's designation of Dr. Berliner as a testifying expert and DENIED in all other respects. Further, plaintiff's designation of experts (Dkt. 20) is STRICKEN from the record, but plaintiff may file a new expert designation, consistent with this opinion, no later than Friday, September 21, 2012.

It is so ORDERED.

Signed at Houston, Texas on September 17, 2012.

_____
Gray N. Miller
United States District Judge